**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-4344**

———————

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

JEROME GRAHAM,

                                        Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.  James A. Beaty, Jr.,
District Judge. (CR-04-332)

———————

Submitted:  October 31, 2005        Decided:  November 17, 2005

———————

Before WILKINSON, MOTZ, and SHEDD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

William S. Trivette, Assistant Federal Public Defender, Greensboro,
North Carolina, for Appellant.  Anna Mills Wagoner, United States
Attorney, Angela H. Miller, Assistant United States Attorney,
Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Jerome Graham pled guilty to possession of ammunition by a convicted felon, 18 U.S.C. § 922(g)(1) (2000), and was sentenced to a term of fifty-five months imprisonment. Graham appeals his sentence, contending that it is unreasonable. We affirm.

At the sentencing hearing, Graham had no objection to the guideline calculation, but he argued that a sentence of eighteen to twenty-four months would be more than adequate punishment for his crime. The requested term was well below the guideline range of 51-63 months, and the minimum he would need to participate in a program of intensive drug treatment while incarcerated. After considering the advisory guideline range and the factors set out in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), the court imposed a sentence of fifty-five months. The court noted that Graham had a substantial criminal history, but decided that a sentence within the guideline range was sufficient to fulfill the purposes set out in § 3553(a).

After the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005), the sentencing court must calculate the appropriate guideline range, consider the range in conjunction with other relevant factors under the advisory guidelines and 18 U.S.C.A. § 3553(a), and impose a sentence. We will "affirm the sentence imposed as long as it is within the statutorily prescribed

range . . . and is reasonable." <u>United States v. Hughes</u>, 401 F.3d 540, 546-47 (4th Cir. 2005) (citing <u>Booker</u>, 125 S. Ct. at 767).

Graham argues that the sentence was excessive. However, the court correctly treated the guidelines as advisory, considered the § 3553(a) factors, and explained its reasons for sentencing Graham within the guideline range. We conclude that the sentence is reasonable.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>